IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

United States of America,
        Plaintiff,

vs.                                 Sacramento, California
                                    No. 2:17-cr-00195
Gustavo Araujo Lerma,               Tue., May 7, 2019
Maria Eva Velez,                    9:17 a.m.
        Defendants.
_____/

TRANSCRIPT OF HEARING
BEFORE THE HONORABLE JOHN A. MENDEZ, DISTRICT JUDGE
---oOo---

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | United States Attorney |
| | 501 I Street, Suite 10-100 |
| | Sacramento, California  95814 |
| | By:  Katherine Lydon |
| | Shea Jon Kenny |
| | Assistants U.S. Attorney |
| | |
| For the Defendant Gustavo Araujo Lerma: | Office of the Federal Defender |
| | 801 I Street, 3rd Floor |
| | Sacramento, California  95814 |
| | By: Douglas J. Beevers |
| | Assistant Federal Defender |
| | |
| For the Defendant Maria Eva Velez: | Law Offices of Dina L. Santos |
| | 428 J Street, Suite 359 |
| | Sacramento, California 95814 |
| | By: Dina Lee Santos |
| | Attorney at Law |
| | |
| Official Court Reporter: | Kimberly M. Bennett, CSR, RPR, RMR, CRR |
| | 501 I Street |
| | Sacramento, CA 95814 |

Proceedings recorded by mechanical stenography, transcript produced by computer-aided transcription

(Call to order of the court, 9:17 a.m.)

THE COURT:  Criminal S-17-195; United States versus Gustavo Araujo Lerma and Maria Velez.

MS. LYDON:  Good morning, Your Honor.  Katherine Lydon, here with Shea Kenny, on behalf of the United States.

MS. SANTOS:  Good morning, Your Honor.  Dina Santos appearing with Ms. Velez, who is present, out of custody.

MR. BEEVERS:  Good morning, Your Honor.  Doug Beevers on behalf of Hiram Enrique Velez, also known as Gustavo Lerma, who is present, in custody, using the court interpreter.

INTERPRETER:  Good morning, Your Honor.  Pat Hyatt, Spanish interpreter, with an oath on file for these two defendants.

THE COURT:  All right.  The Court was here a few weeks ago, which we confirmed the trial date, June 3rd.  The Court has moved that trial date to June 10th.  The trial is scheduled to start on June 10th.

The Court has received a number of pleadings since that time, including a motion by Mr. Velez to extend the pretrial motion deadline to allow him to file a motion to sever, a motion by Mr. Velez to continue the trial as a Rule 16 sanction, joinder in the motions by Ms. Velez, and then responses by the government to the motion to extend the pretrial motion deadline and the motion to continue.

I'm not going to continue this trial as a Rule 16 sanction.

I deny that motion.  I've reviewed the papers and I don't believe that's appropriate.

The issue here, really, is severance, given the latest developments.  And I wanted to hear from the government, Ms. Lydon, as to whether you would oppose a severance along the lines of trying Mr. Velez first, as suggested by Ms. Santos.

MS. LYDON:  The government --

THE COURT:  That may then shorten the trial, at least, and solve the other issue raised, which is a vacation.  Which, frankly, the Court sympathies, but doesn't usually continue trials because of vacations.

Go ahead.

MS. LYDON:  The government expects that it would oppose a motion to sever, and does not think that based on the facts proffered so far that it would be warranted.

It appears it would be extremely inefficient.  The evidence supporting all counts against both defendants is extremely similar, the same witnesses would have to fly from Puerto Rico.

However, the government does not oppose the motion to extend the pretrial deadline to allow the defendant to file the motion to sever.  So far he has not filed a motion to sever.  We do urge that a new pretrial motion deadline briefing schedule be set in an expedited way, particularly if trial is going to go forward on June 10th.

THE COURT:  The problem, folks, as we talked about,

is you can file motions, the Court has got to have time to review them and rule on them, and I'm in trial between now and the end of May.  So you tell me when I'm going to read these motions and rule on them.  And I'm not going to continue a motion.  We're in -- you're in a real small window as to when I can make the Court available.  I'm clearly available for trial starting June 10th.  So, you have that window.

I sort of chuckle at your brief in that you said you want a date cast in stone.  I'd love to cast dates in stone, but that just doesn't happen.

So I'm inclined -- I will, Mr. Beevers, grant you leave so there is a record of a motion to sever.  I'm not sure, Ms. Santos, what other motions you intend to file.  We're still awaiting this report.  Mr. Beevers believes you're going to file a motion to raise a duress defense.  I don't know that, I haven't received anything yet.  But we're -- I'd love to do things on an expedited basis, but only if I can give you the attention that the motions would deserve.  And I'm somewhat doubtful that that can happen, given the significance of these motions.

MS. SANTOS:  I'm doubtful that can happen, as well, Your Honor, because so much lies on this doctor's report that I need, and so many more motions may end up stemming from that, but I'm shooting in the dark because I don't have it yet.  And so I don't think there is enough time to properly file what

needs to be filed.

THE COURT:  I don't want to pick on you but, in a sense, this situation was created by the delay in getting this report done.  It should have been done, and could have been done, months ago, and that's a factor that was discussed and raised in the government's opposition.  I understand that.  We don't do things last minute in this court, and that's why we set pretrial deadlines.

Again, I'll allow you to file a motion to sever, Mr. Beevers, so you at least have a record.  I would waive the pretrial motion deadline for that purpose.  You know it's going to be opposed, and I'll have to rule on it before that June 10th trial date.  But right now I'm not continuing the trial date.  You will leave here today knowing that I anticipate we're going to trial on June 10th.

I will give you leave to file whatever motion you need to file once you get that report, but you have to do it sooner rather than later.  You can't do it the week before trial.

MS. SANTOS:  I understand.

THE COURT:  I'm going to deny it if it's a week before trial.  That's not fair to the government, doesn't give the government a chance to file a response to that.  And then sometime before June 10th I'll issue a ruling on these motions to let you know if, in fact, you're going to trial.

But as you leave here today, I'm denying the motion to

continue, and we're going to go forward as if you're going to trial on June 10th.

Tell me again how many days you anticipate for trial.  You said ten?

MS. LYDON:  Yes, conservatively, given two defense counsel, a number of counts, and interpreters for at least -- at least one of the witnesses, perhaps multiple.  We will try to be as conservative -- as efficient as we possibly can, and expect we would be able to cut that down a bit.

MR. BEEVERS:  Your Honor, for the motion to continue, I had agreed to the June 3rd date because that gave ten days -- eleven days before my trip to Europe that I had prepaid.

THE COURT:  When are you scheduled to leave?

MR. BEEVERS:  When did I schedule leave?

THE COURT:  When are you scheduled to leave?

MR. BEEVERS:  On June 17th, late in the evening.  And --

THE COURT:  You scheduled a trip to Europe knowing that you were starting a trial on June 3rd?

MR. BEEVERS:  Yes, Your Honor.  That -- that was eleven -- eleven days for a trial -- a very simple trial in which they have, essentially, a document case trial.  I've had trials finish in two days.  This -- the government's estimate was extremely broad.

At this point they have the defendant's 12-page signed

confession.  They have signed documents proving all of the elements.  It's a -- it's an extremely simple trial from the government's perspective, as I see it.  And until we received the last batch of discovery, it appeared to be a case where the defendant would not testify.  And this is -- I have many, many trials to schedule, I'm trying to squeeze them in as much as possible.

THE COURT:  So do I.

MR. BEEVERS:  The Court changing it, taking away five trial days, changes the case drastically from -- from my perspective, and I would ask the Court to continue.

We also received an additional, approximately, 50,000 pages of Cellebrite records, which would not have been relevant, but now that we received the signed -- the government has a signed statement, in Spanish, from the defendant as to -- which constitutes the prima facie case of the most serious charge, they have his 12-page confession, in Spanish, that we received yesterday, the case is completely different this week than it was when we set the trial date.

At this point --

THE COURT:  Are you telling me you knew nothing about the confession?

MR. BEEVERS:  Yes.  I did not -- well --

THE COURT:  It surprised you?

MR. BEEVERS:  He wrote it -- he wrote the letter in

February, we received it recently.  It was written to the alleged victim's mother.  So, it's not their fault, the delay, but the delay happened through -- through where it went.  And it essentially admits all elements except specific intent for fraud.  And it's -- at this point it essentially admits most of the elements of all of the charges.  And I don't see how they get such a long trial estimate with this kind of evidence, but what we -- there was a --

THE COURT:  Depends on the cross-examination.  You can't predict that.  So...

MR. BEEVERS:  But there is nothing to cross-examine, it's all documents.

THE COURT:  Again, I -- you know, I can't predict that.

MS. SANTOS:  There is one other issue, Your Honor.

THE COURT:  Go ahead.

MS. SANTOS:  We received notice, just, I want to say, late last week, about there being these -- I think it's approximately between 50 and 60,000 pages of Cellebrite records.  We were given permission to come view them at their office.

THE COURT:  That was in your brief.  I read that.

MS. SANTOS:  However, it's just, you know, they've had this.  To have to go over there and review it, it's -- at this point, where we have so much to do, that seems

unreasonable.  We need time to look at that.

THE COURT:  You intend to use the records at trial?

MS. LYDON:  It's not on our exhibit list right now, Your Honor.  We can't predict what defendants will put at issue.

THE COURT:  But you're not going to use them, you're just making them available?

MS. LYDON:  Correct.

THE COURT:  Okay.

MR. BEEVERS:  And, Your Honor, you also have another trial set for the same date.  Would that -- would these be selecting juries both on the same day and then last even longer?

THE COURT:  No.  Not going to do two trials at once.

MR. BEEVERS:  Judge O'Neill has.

THE COURT:  Yes.  Judge Wanger used to do it all the time.  I'm not Judge Wanger or Judge O'Neill.  So, no.  I'll deal with that trial when I talk to those lawyers.

MR. BEEVERS:  Could we pass my motion until that case?

THE COURT:  No.  I'm denying the motion to continue at this point.  You can file a motion to sever.  Ms. Santos can file her motion.  If I think a continuance is necessary based on her motion, then I'll -- I'll consider that.

MS. LYDON:  Your Honor previously ordered that

Ms. Santos file her motion to continue --

THE COURT:  On May 15th.

MS. LYDON:  -- on May 13th.

THE COURT:  13th.

MS. LYDON:  And the government proposes that the -- Mr. Beevers be required to file any pretrial motions that he has also --

THE COURT:  On May 13th.

MS. LYDON:  -- on May 13th.

THE COURT:  Okay.

MS. LYDON:  Or perhaps on May 15th, actually, so that he has the two days with Ms. Santos' expert report and her motion to continue, and can evaluate how that impacts his client's arguments with respect to severance.

THE COURT:  You'll file your response by when?

MS. LYDON:  We proposed in our opposition to file our response by May 17th, which would enable the Court to hear it on Tuesday calendar, May 21st.

THE COURT:  I won't hear them.  I'll decide them on the papers.  I am in trial, folks.

MS. LYDON:  Yes.  And knowing that, then we would ask for a full week to respond, as is customary.  So if they file --

THE COURT:  No.  You can file by -- file by the 20th of May.

Mr. Beevers, you can renew your motion to continue as well if you think there is another legal basis for the continuance. You can file a motion to sever. Those should be filed by May 15th. Ms. Santos, any motions you want to file should be filed by May 15th. And the government will respond by May 20th.

MS. LYDON: Thank you, Your Honor.

THE COURT: And I'll try to get all of you an answer as to whether this is still going on June 10th or not by the end of the month, but don't hold your breath. I'll try to do it, obviously, before June 10th, otherwise I'll see you on June 10th at 9:00 a.m.

Anything further this morning?

MS. LYDON: I think time was previously excluded through the original trial date. We'll, obviously, be preparing for trial, and defense counsel will be preparing for trial, motions will be pending in the meantime. We ask that time be excluded between now and the new trial date of June 10 for defense preparation.

MR. BEEVERS: We agree.

THE COURT: Okay. Time will be excluded under T4. All right. Thank you.

(Proceedings adjourned, 9:32 a.m.)

---oOo---

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.


                              /s/ Kimberly M. Bennett
                              KIMBERLY M. BENNETT
                              CSR No. 8953, RPR, CRR, RMR