MCGREGOR W. SCOTT
United States Attorney
KATHERINE T. LYDON
SHEA J. KENNY
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900


Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:17-CR-195 JAM |
|---|---|
| Plaintiff, | |
| v. | GOVERNMENT'S TRIAL BRIEF |
| GUSTAVO ARAUJO LERMA, aka Hiram Enrique Velez, and MARIA EVA VELEZ, | DATE: June 10, 2019 TIME: 9:00 a.m. COURT: Hon. John A. Mendez |
| Defendants. | |

## I.     PROCEDURAL HISTORY

Defendants Gustavo Araujo Lerma and Maria Eva Velez are scheduled for jury trial starting June 10, 2019. The defendants, a married couple, both face one count of Conspiracy to Procure Naturalization and Citizenship unlawfully in violation of 18 U.S.C. § 371. In addition, defendant Maria Velez is charged with one count of Unlawful Procurement of Naturalization and Citizenship in violation of 18 U.S.C. § 1425(b). Defendant Gustavo Araujo Lerma is charged individually with one count of Aggravated Identity Theft in violation of 18 U.S.C § 1028A, one count of False Statement in Application for United States Passport in violation of 18 U.S.C. § 1542, and five counts of Voting By Alien in violation of 18 U.S.C. § 611. The parties previously estimated that trial will take approximately ten days. Assuming reasonable cross examination, the government expects to complete its case-in-chief within the first trial week.

GOVERNMENT'S TRIAL BRIEF

1

## II.   SUMMARY OF THE CASE

The evidence will show that the defendants were both born in Mexico, were married to each other in Mexico in 1982, and had two children together in Mexico in the 1980s.  No later than 1992, the defendants began living in the United States and defendant Gustavo Araujo Lerma began fraudulently using the identity of a Puerto Rican-born United States citizen named Hiram Velez.  Araujo Lerma married defendant Maria Velez again in Los Angeles in 1992, using the Hiram Velez identity, and she changed her name at that time to Maria Velez.  The defendants then conspired to obtain citizenship for Maria Velez (based on her purported marriage) to a United States citizen, and their two Mexican-born children (based on their father purportedly being a United States citizen).  Maria Velez knowingly made false statements in order to obtain citizenship, including that her husband's name was Hiram Velez, that he had been a United States citizens from birth, and that she had never been married before.  She was naturalized as a United States citizen in 2012.  In addition, defendant Gustavo Araujo Lerma used the Velez identity to fraudulently obtain a United States passport and to vote in five federal election.

## III.   THE OFFENSE ELEMENTS

### A.   Count 1: Aggravated Identity Theft, 18 U.S.C. § 1028A

To prove a violation of § 1028A, the Government must prove beyond a reasonable doubt that: (1) The defendant knowingly transferred or used a means of identification of another person without legal authority; (2) the defendant knew the means of identification belonged to a real person; and (3) the defendant did so in relation to one of the crimes enumerated in 18 U.S.C. § 1028A(c).  *United States v. Doe*, 842 F.3d 1117, 1119-20 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 1597, (2017) (citing *Flores–Figueroa v. United States*, 556 U.S. 646, 647, 655–56 (2009); *United States v. Miranda–Lopez*, 532 F.3d 1034, 1037, 1040 (9th Cir. 2008)).

First, Araujo used the means of identification of Hiram Velez – specifically, the name of Hiram Velez – to vote.  Congress defined the term "means of identification" as "*any name* or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including *any*— (A) *name,* social security number, date of birth . . ." 18 U.S.C. § 1028(d)(7).  By signing next to Velez's printed name and voting as Velez Araujo used the name.  Velez was a real person, as will be demonstrated by certified public records recounting his birth, marriage, and death, and the testimony of

at least one of his family members. It is irrelevant whether the real Velez was alive or dead at the time that the defendant used his identity. *See United States v. Maciel-Alcala*, 612 F.3d 1092, 1095 (9th Cir. 2010).

Second, Araujo Lerma well knew that Hiram Velez was a real person. The government will present evidence that the defendant had obtained official identity documents of Hiram Velez from governmental sources, such as a birth certificate for the Velez identity that was found in the defendant's house in an envelope postmarked as mailed from the Puerto Rico Department of Health in San Juan, addressed to Mr. Hiram E. Velez in Sacramento, containing a birth certificate for the Velez identity. The fact that he obtained the birth certificate directly from a government agency indicates he knew it was for a real person, rather than counterfeit. *See United States v. Maciel-Alcala*, 612 F.3d 1092, 1095 (9th Cir. 2010) (evidence that defendant represented himself to be the victim and obtained a birth certificate in the victim's name from the Orange County Clerk Recorder's Office evinced defendant's knowledge the victim as a real person sufficient to support 1028A conviction). The same point is demonstrated by evidence that Araujo Lerma used Velez's identifiers numerous times for numerous governmental purposes: getting a driver's license, getting married, voting, and obtaining legal permanent resident status and ultimately naturalization for his family members. The Ninth Circuit has held that "evidence of Doe's repeated successful use of V's identity in applications subject to scrutiny was sufficient to permit the jury to find that he knew that V was a real person." *United States v. Doe*, 842 F.3d 1117, 1121 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 1597 (2017).

Third, in connection with voting, Araujo Lerma violated 18 U.S.C. § 911, one of the crimes enumerated in § 1028A, by falsely and willfully representing himself to be a citizen of the United States, when he signed the voter roll affirming he was a U.S. citizen. The three elements of a § 911 violation are that: "(1) [the defendant] made a false claim of U.S. citizenship; (2) his misrepresentation was willful (i.e. voluntary and deliberate); and (3) it was conveyed to someone with good reason to inquire into his citizenship status." *United States v. Karaouni*, 379 F.3d 1139, 1142 (9th Cir. 2004). By signing the citizenship declaration on the voter roll, Araujo Lerma falsely and willfully claimed he was a citizen of the United States, to a voting official who had good reason to inquire into his citizenship status.

GOVERNMENT'S TRIAL BRIEF

3

**B.    Count Two:  False Statement in Application for United States Passport, 18 U.S.C. § 1542, against defendant Gustavo Araujo Lerma.**

Passport fraud in violation of 18 U.S.C. § 1542 "requires proof that the accused (i) willfully and knowingly make a false statement in a passport application, (ii) with the intent to secure issuance of a United States passport contrary to the laws and regulations governing the issuance of passports." *United States v. White*, 1 F.3d 13, 16 (D.C. Cir. 1993).  In the context of section 1542, a false statement is made "willfully and knowingly" if the defendant made the false statement deliberately and with knowledge that it was untrue. *United States v. Aifang Ye*, 808 F.3d 395, 397–400 (9th Cir. 2015).  Section 1542 does not require that the false statement be material. *United States v. Meredith*, 685 F.3d 814, 824 (9th Cir. 2012).  First, the defendant falsely stated in his March 11, 2009 passport application that his name was "Hiram E. Velez."  The government will offer not only the application for the passport directly underlying the charged count, but also the application and other documents associate with the two passports he had applied for previously, documents reflecting he traveled on his fraudulently-obtained passports, and a "Statement Regarding Lost or Stolen Passport" he submitted in 1999 regarding another passport.  The documents relating to other passports will be offered as inextricably intertwined with the charged offenses or, alternatively, for permissible purposes under Rule 408 including absence of mistake, identity, and a common scheme or plan.  Second, to show the statement was made with the intent to secure issuance of a United States passport contrary to the laws and regulations governing the issuance of passports, the government will present the passport application itself, which will be explained by a special agent of the Department of State, Diplomatic Security Services, familiar with passport applications and processes.

**C.    Count Three:  Conspiracy to Procure Citizenship or Naturalization Unlawfully, 18 U.S.C. § 1425(b) against Gustavo Araujo Lerma and Maria Eva Velez.**

To prove a conspiracy under 18 U.S.C. § 371, the government must establish: (1) an agreement between two or more persons to commit at least one crime as charged in the indictment, (2) the defendants became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it, and (3) one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.  9th Cir. Model Crim. Jury Inst. 8.20; *see also United States v. Kaplan*, 836 F.3d 1199, 1212 (9th Cir. 2016) ("To prove a conspiracy under 18 U.S.C. § 371, the

government must establish: (1) an agreement to engage in criminal activity, (2) one or more overt acts taken to implement the agreement, and (3) the requisite intent to commit the substantive crime.")  Here, the defendants agreed to engage in criminal activity as shown by documents in Maria Velez's A-File in which she provided Hiram Velez's date and place of birth and social security number, evidence that the couple was previously married in Mexico under the name Gustavo Araujo Lerma, and the couple's children's naturalization applications, which reflect that Araujo Lerma claimed that they were his children and checked "no" to the question "are you related by adoption?"  Overt acts include: the defendants' marriage in the Velez identity, Maria Velez submitting her LPR application and N-400 application to USCIS containing material misstatements, Maria Velez attending the USCIS interview and naturalization ceremony, and Araujo Lerma submitting Petitions for Alien Relatives seeking LPR status for his children based upon the Velez identity and stating they were his children.  The same evidence presented in support of the first element demonstrates the requisite knowledge and intent to commit the substantive crime.

### D.    Count Four:  Unlawful Procurement of Naturalization and Citizenship, 18 U.S.C. § 1425(b), against Maria Eva Velez.

To prove this count, the government must establish that: (1) Maria Eva Velez applied for, attempted to procure, or obtained naturalization or citizenship; (2) the defendant is not entitled to naturalization or citizenship; and (3) the defendant knew she was not entitled to citizenship or naturalization or knew that the statement made was false. *See United States v. Alameh*, 341 F.3d 167 (2d Cir. 2003); *United States v. Pasillas-Gaytan*, 192 F.3d 864 (9th Cir. 1999); *United States v. Moses*, 94 F.3d 182 (5th Cir. 1996).  First, on November 1, 2012, Maria Eva Velez obtained U.S. Naturalization Certificate No. 35233721, issued at Sacramento, California.  Second, the defendant was not entitled to it because she was not actually related by marriage to a United States citizen, the basis for her legal permanent resident status and ultimately U.S. citizenship.  Third, Velez procured that certificate unlawfully by making false statements, including claiming her husband was a U.S. citizen since birth and submitting her husband's fraudulent birth certificate in support of that assertion.

/ / /

/ / /

**E.**        **Counts Five-Nine: Voting by Alien, 18 U.S.C. § 611, against Gustavo Araujo Lerma.**

To convict Araujo Lerma of the voting counts, the government must demonstrate that the defendant: (1) is an alien; (2) who voted in an election held solely or in part for the purposes of electing a candidate to federal office. *See Kimani v. Holder*, 695 F.3d 666, 669 (7th Cir. 2012) (holding that Section 611 was a general intent crime and affirming the BIA decision in which "the BIA concluded that by conceding that (a) he is an alien, who (b) voted in a Presidential election, Kimani conceded violating § 611(a) and established his ineligibility for the immigration benefit he needs."); *United States v. Knight*, 490 F.3d 1268, 1271 (11th Cir. 2007) (holding that Section 611 is a general intent crime).  Here, the defendant is an alien – Mexican citizen and national Gustavo Araujo Lerma – and the defendant voted in five elections in which candidates for federal office were on the ballot.  The government will seek to admit into evidence the voter rolls that Araujo Lerma signed as "Hiram Velez" for each of the five charged elections.

## IV.        EVIDENCE

### A.        Witnesses

Witnesses may include a current or former USCIS officer to testify regarding the procedures and processes for performing naturalization interviews.  The USCIS representative will testify that important answers on the naturalization application are confirmed verbally during the interview.

A witness from the Sacramento County Voter Registration and Elections Department will testify regarding in-person voting procedures.  She will explain that individuals voting in person are required to sign the voter roll and certify they are U.S. citizens, as Gustavo Araujo Lerma did using the name of Hiram Velez.  The government will present documents during her testimony including the voter registration form submitted by Gustavo Araujo Lerma and the pages of the voting roll that Gustavo Aruajo Lerma fraudulently signed in connection with voting in the charged elections.

As referenced earlier, at least one family member of Hiram Velez will testify to establish that Hiram Velez was a real person.

At least one Department of State, Diplomatic Security Service, special agent will testify regarding passport application procedures, explain various public records obtained in the course of the investigation, and introduce evidence seized and photographs taken during the search warrant on the

defendant's residence.

It is possible that the government may have to call certain witnesses out of order based on travel arrangements (including internationally) and foreign language interpreter availability.  The government will strive for an orderly presentation of the evidence to assist the Court and the jury in understanding the evidence being presented.

Pursuant to Federal Rule of Evidence 615, the government has moved for the exclusion of all witnesses – except the government's case agents, who should be exempt from the exclusion order – until their testimony has been completed.  *See also United States v. Little*, 753 F.2d 1420, 1441 (9th Cir. 1984).  In addition, a USAO paralegal will be present during the trial to aid in the organization and presentation of exhibits.

## B.    Documents.

The case will be proved mainly through certified public records which reflect the defendant is truly Gustavo Araujo Lerma, not Hiram Velez, and reflect the various fraudulent uses of the Velez identity by the defendant over the course of several decades.   The government will also present evidence seized in the search warrant on the defendants' residence demonstrating the defendant's true identity, reflecting the defendants' knowledge that Hiram Velez was a real person, and corroborating that the defendant is the person who voted in person in the charged elections.  The government may also present various statements of the defendant, including a letter he wrote the true Hiram Velez's mother.

## V.    V. CONCLUSION

The foregoing is a summary of issues the government anticipates may arise at trial, based on the government's anticipated case-in-chief.  Should any legal issues or factual issues arise that have not been covered in this trial brief, the government respectfully requests leave to submit such further memoranda as may be necessary.

Dated:  May 24, 2019

McGREGOR W. SCOTT
United States Attorney

By:  /s/ SHEA J. KENNY
KATHERINE T. LYDON
SHEA J. KENNY
Assistant United States Attorney

GOVERNMENT'S TRIAL BRIEF

7