McGREGOR W. SCOTT
United States Attorney
KATHERINE T. LYDON
SHEA J. KENNY
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900


Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:17-CR-195 JAM |
|---|---|
| Plaintiff, | |
| v. | GOVERNMENT'S MOTION IN LIMINE NO. 2 – EXCLUSION OF UNNOTICED EXPERT TESTIMONY AND EVIDENCE NOT PROVIDED IN RECIPROCAL DISCOVERY |
| GUSTAVO ARAUJO LERMA, aka Hiram Enrique Velez, and MARIA EVA VELEZ, | |
| Defendants. | DATE: June 10, 2019 TIME: 9:00 a.m. COURT: Hon. John A. Mendez |

The United States, by and through its undersigned counsel, hereby moves *in limine* in the above-referenced matter.

**A.    The Court Should Exclude Unnoticed Testimony from Defense Experts and Any Defense Evidence Not Provided in Reciprocal Discovery.**

The Court should exclude testimony of any unnoticed expert witnesses either defendant may seek to call at trial, and any defense evidence which has not been produced in reciprocal discovery.

Defendant Maria Eva Velez has provided the United States with notice of her intent to call Dr. Shelley Peery as an expert witness.[1]  To date, the United States has not received notice from either

---

[1] The United States objects to the introduction of Dr. Peery's testimony.  That argument is addressed in the United States' Motion *in limine* No. 8.  While the government does not believe that Dr. Peery's testimony should be admitted, should the Court decide to admit the testimony of Dr. Peery, and should her testimony warrant rebuttal evidence, the government reserves its right to notice and call its own expert in rebuttal.

defendant of intent to offer any other such expert testimony.

Via numerous discovery letters since the inception of this case, pursuant to Local Rule 440 and the Federal Rules of Criminal Procedure 16(b) and 26.2, the United States has requested defense counsel provide reciprocal discovery, including expert discovery.  Most recently, on May 23, 2019, the United States sent a letter advising defense counsel as follows: "Pursuant to F. R. Crim. P. 16(b) and Local Rule 440, the United States hereby requests reciprocal discovery from the defendant.  The United States will seek to bar the introduction and use at trial of any evidence not produced pursuant to this reciprocal discovery request."

To date, neither defendant has produced any reciprocal discovery, provided notice of any experts apart from Dr. Peery, or otherwise complied with Fed. R. Crim. P. 16(b)(1)(C) and 26.2.  Accordingly, if such evidence surfaces and is sought to be admitted by either defendant at the eleventh hour, it should be excluded.

Dated:  May 24, 2019

McGREGOR W. SCOTT
United States Attorney

By:  /s/ SHEA J. KENNY
KATHERINE T. LYDON
SHEA J. KENNY
Assistant United States Attorney