HEATHER E. WILLIAMS, #122664
Federal Defender
DOUGLAS BEEVERS, #288639
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Telephone: 916.498.5700
douglas_beevers@fd.org

Attorney for Defendant
GUSTAVO ARAUJO-LERMA a.k.a. HIRAM VELEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case №:2:17-cr-00195-JAM |
| | ) | |
| Plaintiff, | ) | DEFENDANT HIRAM VELEZ'S |
| | ) | SUPPLEMENTAL TRIAL BRIEF |
| vs. | ) | |
| | ) | Date:  June 10, 2019 |
| GUSTAVO LERMA a.k.a. HIRAM | ) | Time:  9:00 a.m. |
| VELEZ, | ) | Judge: John A. Mendez |
| | ) | |
| Defendant. | ) | |

Defendant GUSTAVO ARAUJO-LERMA a.k.a. HIRAM VELEZ (hereinafter "Mr.

Velez"), by and through counsel, the Federal Public Defender's Office, hereby submits his trial

brief.

I.      ELEMENTS OF THE OFFENSE

A.  18 U.S.C. §1028A: Aggravated Identity Theft

Mr. Velez agrees that to prove a violation of 18 U.S.C. §1028A, the Government would meet the

elements of §1028A if it proves defendant "used" a "means of identification of another person

without legal authority" in relation to 18 U.S.C. §911 which is specifically enumerated in

§1028A.   Mr. Velez agrees that a "means of identification" is defined to include a "name."  Mr.

Velez contends that in order to prove the false name was used in relation to a violation of 18

U.S.C. §911 the Government must prove all the elements of 18 U.S.C. §911 beyond a reasonable

Trial Brief                                  1

doubt that he was not a U.S. citizen and he knew he was not a U.S. citizen. *See United States v. Karaouni*, 379 F.3d 1139 (9th Cir. 2004). The parties have stipulated to the admissibility of the signed statements, for the date alleged in Count I, by someone named Hiram Velez that claimed U.S. citizenship to vote.

In order to prove the violation of 18 U.S.C. §1028A, the United States must prove beyond a reasonable doubt that when Mr. Velez signed the name Hiram Velez with a declaration of U.S. citizenship he knew that Hiram Enrique Velez was not his true name. Mr. Velez contends that even if the Government proves that he was not a U.S. citizen and knew he was not a U.S. citizen and voted illegally, he would not be guilty of violating 18 U.S.C. §1028A unless the Government proves beyond a reasonable doubt that he knew that his name was not Hiram Enrique Velez.

Mr. Velez does not intend to dispute that there is another person named Hiram Enrique Velez, and that he has been using the Puerto Rico birth certificate for this other Hiram Velez. Mr. Velez has stipulated to the admissibility of documents which show that the original voter registration certificate for his address contained information pertaining to the other Hiram E. Velez who was long actually deceased. However, Mr. Velez has not been charged with aggravated identity theft for the original false claim of citizenship based on (what appears to be) his original voter registration which was outside the five year statute of limitations. Since Mr. Velez has been indicted only for the knowing use of the allegedly false name the Government must prove that he is not entitled to use that name Hiram Velez.

Mr. Velez contends that he was entitled to use the name Hiram Enrique Velez, because under California common law a person may change his name at any time without initiating legal proceedings. *See In re Marriage of Banks*, 117 Cal.Rptr. 37, 41, 42 Cal.App.3d 631, 637 (Cal.App. 1974); *see also Emery v. Kipp*, (1908) 154 Cal. 83, 97 P. 17; *See also Sousa v. Freitas*

Trial Brief                                          2

(1970) 10 Cal.App.3d 660, 667, 89 Cal.Rptr. 485; In re Weingand (1964) 231 Cal.App.2d 289, 294, 41 Cal.Rptr. 778.)  Illinois common law also allows anyone to change name at will. *See Thomas v. Thomas,* 100 Ill. App. 3d 1080, 56 Ill. Dec. 604, 427 N.E.2d 1009 (1st Dist. 1981); Chaney v. Civil Service Commission, 82 Ill. 2d 289, 45 Ill. Dec. 146, 412 N.E.2d 497 (1980).

Under the common law, a change of name is accomplished by usage or habit. *Gebauer, J.* 65 C.J.S. *Names* § 20  (2019).  The name thus assumed will constitute the person's legal name for all purposes just as much as though he or she had borne it from birth or as though it had been provided for by a court order even though the name taken is the name of another living person. *Id*.  Under the common law a person may even adopt the name of another person who is alive if done for non-fraudulent purpose. *See In re Leibowitz*, 49 F.Supp. 953, 954 (D.C.Ill. 1943).  In *In re Leibowitz*, the Court held that an immigrant had informally adopted his brother's name eight years earlier to avoid the Russian draft was under common law entitled to use the brother's name in applying for entry to the United States because he had used the brother's name for years in all of his business transactions.  Note that in *Leibowitz*, the original fraud in avoiding the Russian draft did not prevent the use of the name to enter the United States from being deemed not fraudulent.

Under Illinois common law a person may adopt a name of another but only if it will not interfere with another person's rights. 27A Ill. Law and Prac. Names § 9 *Illinois Law & Practice* (May 2019) Michael J. Yaworsky, J.D. In *Reinken v. Reinken* (1933), 351 Ill. 409, 413, 184 N.E. 639, the court held that the statutory provisions governing the assumption of names "are merely permissive, and they do not abrogate the common law right of the individual to change his name without application to the courts," but exercise of this common law right would be valid only if such action " 'does not interfere with the rights of others.'

Trial Brief                                                          3

Since the Government has indicted for the use of the name, and there is no evidence that any other means of identification were used within the statute of limitations on or about the date alleged in the indictment, the Government must prove beyond a reasonable doubt that Mr. Velez knew he was not entitled to use the name Hiram Velez regardless of whether he knew other people were entitled to use it.

**B.  False Statement in Application for U.S. Passport**

The Government correctly described the elements of false statement in application for a U.S. passport, as requiring the Government to prove beyond a reasonable doubt that Mr. Velez made a statement in a passport application "with knowledge that it was untrue." *See United States v. Aifang Ye*, 808 F.3d 395, 397–400 (9th Cir. 2015).  The parties have stipulated to the admissibility of the application which contains the alleged false statement, as well as other uncharged false statements.  Although the Government will present evidence to prove that this application to renew the passport in 2009 included a knowing false statements about his date of birth and place of birth, Mr. Velez has been indicted only for the alleged false statement that his name was "Hiram E. Velez."  Defense will argue that the ten-year statute of limitations had passed before the superseding indictment was filed, and that the Government can only convict by proving beyond a reasonable doubt that Mr. Velez knew that his name was not "Hiram E. Velez."

**C.  Voting By An Alien**

The Government agrees that the Government must prove beyond a reasonable doubt that Mr. Velez is not a U.S. citizen.  Defense agrees that the use of a false date of birth connected to the voter registration is relevant under Fed. R. Evid. 404(b) to show he was not a U.S. citizen.

Trial Brief                                          4

## II.   TRIAL

Defendant has taken the position that he has adopted the name Hiram Enrique Velez for all purposes and will introduce the testimony of family members including his children who know him only as Hiram Enrique Velez.  Defense counsel intends to state his appearance as counsel for the defendant "Hiram Enrique Velez whom the Government claims is Gustavo Araujo-Lerma."

SUBMITTED: August 2, 2019                HEATHER E. WILLIAMS
                                         Federal Defender

                                         */s/ Douglas Beevers*
                                         DOUGLAS BEEVERS
                                         Assistant Federal Defender
                                         Attorney for Defendant
                                         GUSTAVO LERMA a.k.a. HIRAM VELEZ

Trial Brief                              5