McGREGOR W. SCOTT
United States Attorney
KATHERINE T. LYDON
SHEA J. KENNY
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900


Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:17-CR-195 JAM |
| Plaintiff, | |
| v. | GOVERNMENT'S TRIAL BRIEF |
| | DATE: August 19, 2019 |
| GUSTAVO ARAUJO LERMA, | TIME: 9:00 a.m. |
| aka Hiram Enrique Velez, | COURT: Hon. John A. Mendez |
| Defendant. | |

## I.     PROCEDURAL HISTORY

Defendant Gustavo Araujo Lerma is scheduled to be tried by jury beginning on August 19, 2019 on one count of Aggravated Identity Theft in violation of 18 U.S.C § 1028A, one count of False Statement in Application for United States Passport in violation of 18 U.S.C. § 1542, and five counts of Voting By Alien in violation of 18 U.S.C. § 611. Assuming reasonable cross examination, the government expects to complete its case-in-chief within the first trial week.

## II.     SUMMARY OF THE CASE

The evidence will show that the defendant was born in Mexico in 1955, married a woman named Maria Manriquez in Mexico in 1982, and had two children with her in Mexico in the 1980s. By the early 1990s, he began living in the United States, fraudulently using the identity of a Puerto Rican-born United States citizen named Hiram Velez. The defendant married his same wife again in Los Angeles in

GOVERNMENT'S TRIAL BRIEF

1992, using the Hiram Velez identity, and she changed her name at that time to Maria Velez. The defendant then used the Hiram Velez identity to obtain legal status and ultimately citizenship for his wife (based on her marriage to a purported United States citizen), and their two Mexican-born children (based on their father's purported identity and status as a United States citizen). The defendant also used the Velez identity to fraudulently obtain United States passports and to vote in several elections.

### III.    THE OFFENSE ELEMENTS

#### A.    Count 1: Aggravated Identity Theft, 18 U.S.C. § 1028A

To prove a violation of § 1028A, the Government must prove beyond a reasonable doubt that: (1) the defendant knowingly transferred or used a means of identification of another person without legal authority; (2) the defendant knew the means of identification belonged to a real person; and (3) the defendant did so in relation to one of the crimes enumerated in 18 U.S.C. § 1028A(c). *United States v. Doe*, 842 F.3d 1117, 1119-20 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 1597, (2017) (citing *Flores–Figueroa v. United States*, 556 U.S. 646, 647, 655–56 (2009); *United States v. Miranda–Lopez*, 532 F.3d 1034, 1037, 1040 (9th Cir. 2008)).

First, Araujo used the means of identification of Hiram Velez – specifically, the name of Hiram Velez – to vote. Congress defined the term "means of identification" as "*any name* or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including *any*— (A) *name,* social security number, date of birth . . ." 18 U.S.C. § 1028(d)(7). By signing next to Velez's printed name and voting as Velez, Araujo used the name. Velez was a real person, as will be demonstrated by certified public records recounting his birth, marriage, and death, and the testimony of at least one of his family members. It is irrelevant whether the real Velez was alive or dead at the time that the defendant used his identity. *See United States v. Maciel-Alcala*, 612 F.3d 1092, 1095 (9th Cir. 2010).

Second, Araujo Lerma well knew that Hiram Velez was a real person. The government will present evidence that the defendant had obtained official identity documents of Hiram Velez from governmental sources, such as a birth certificate for the Velez identity that was found in the defendant's house in an envelope postmarked as mailed from the Puerto Rico Department of Health in San Juan, addressed to Mr. Hiram E. Velez in Sacramento, containing a birth certificate for the Velez identity.

GOVERNMENT'S TRIAL BRIEF

The fact that he obtained the birth certificate directly from a government agency indicates he knew it was for a real person, rather than counterfeit.  *See United States v. Maciel-Alcala*, 612 F.3d 1092, 1095 (9th Cir. 2010) (evidence that defendant represented himself to be the victim and obtained a birth certificate in the victim's name from the Orange County Clerk Recorder's Office evinced defendant's knowledge the victim as a real person sufficient to support 1028A conviction).  The same point is demonstrated by evidence that Araujo Lerma used Velez's identifiers numerous times for numerous governmental purposes: getting a driver's license, getting married, voting, and obtaining legal permanent resident status and ultimately naturalization for his family members.  The Ninth Circuit has held that "evidence of Doe's repeated successful use of V's identity in applications subject to scrutiny was sufficient to permit the jury to find that he knew that V was a real person."  *United States v. Doe*, 842 F.3d 1117, 1121 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 1597 (2017).

Third, in connection with voting, Araujo Lerma violated 18 U.S.C. § 1015(f), making a false statement of United States citizenship in order to vote, which is one of the crimes enumerated in § 1028A in that it is a fraud offense contained in chapter 47.  *See* 18 U.S.C. § 1028A(c)(4).  The elements of Section 1015(f) are that: (1) the defendant was an alien; and (2) the defendant knowingly made a false claim to be a citizen of the United States in order to vote in a Federal, State or local election.  By signing the citizenship declaration on the voter roll and affirming he was a U.S. citizen, Araujo Lerma knowingly made a false claim to be a citizen of the United States in order to vote in a federal election in violation of section 1015(f).

B.    **Count Two:  False Statement in Application for United States Passport, 18 U.S.C. § 1542**

Passport fraud in violation of 18 U.S.C. § 1542 "requires proof that the accused (i) willfully and knowingly make a false statement in a passport application, (ii) with the intent to secure issuance of a United States passport contrary to the laws and regulations governing the issuance of passports."  *United States v. White*, 1 F.3d 13, 16 (D.C. Cir. 1993).  In the context of section 1542, a false statement is made "willfully and knowingly" if the defendant made the false statement deliberately and with knowledge that it was untrue.  *United States v. Aifang Ye*, 808 F.3d 395, 397–400 (9th Cir. 2015).  Section 1542 does not require that the false statement be material.  *United States v. Meredith*, 685 F.3d 814, 824 (9th

Cir. 2012).

The Superseding Indictment alleges that the defendant made four false statements in his March 11, 2009 passport application.  Specifically, he stated that his name was "Hiram E. Velez," that his social security number was XXX-XX-9302, that his birthday was September 16, 1956, and that his place of birth was Mayaguez, Puerto Rico.  The government will offer not only the application for the passport directly underlying the charged count, but also the application and other documents associate with the two passports he had applied for previously, documents reflecting he traveled on his fraudulently-obtained passports, and a "Statement Regarding Lost or Stolen Passport" he submitted in 1999 regarding another passport.  The documents relating to other passports will be offered as inextricably intertwined with the charged offenses or, alternatively, for permissible purposes under Rule 404 including absence of mistake, identity, and a common scheme or plan. To show the false statements were made with the intent to secure issuance of a United States passport contrary to the laws and regulations governing the issuance of passports, the government will present the passport application itself, which will be explained by a special agent of the Department of State, Diplomatic Security Services, familiar with passport applications and processes.

The government's proof that all four statements claiming the name, social security number, birthday, and place of birth of Hiram Velez were false is as follows.  First, the government will prove that those identifiers and biographical details actually belonged to the real Hiram Velez, who was born in Puerto Rico, through certified Puerto Rican identity documents and the testimony of at least one of the real Hiram Velez's family members.  Second, the government will demonstrate that the defendant is Gustavo Araujo Lerma, rather than Hiram Velez, through the certified Mexican documents which demonstrate that he was born, married, and had children in his real identity of Gustavo Araujo Lerma before assuming the Hiram Velez identity in the early nineties and various documents found in his home.  In particular, the government will offer a certified copy of his birth certificate stating his name was Gustavo Araujo Lerma, born March 27, 1955, in Leon, Leon Guanajuato, Mexico.  Finally, the government will introduce a letter the defendant recently mailed from jail to the true Hiram Velez's mother, requesting her help in his upcoming trial and recounting that he purchased the Hiram Velez identity documents containing the social security number while living in Chicago.  The defendant stated

GOVERNMENT'S TRIAL BRIEF

4

in the letter that his neighbor "told me that his mom, Lupe, was selling a birth certificate together with a Puerto Rico-issued social security number and asked if I wanted to buy it from her.  She had bought it for 300 dollars from a co-worker of hers who everyone called Seda."

### C.    Counts Five-Nine: Voting by Alien, 18 U.S.C. § 611

To convict the defendant of the voting by alien counts, the government must demonstrate that the defendant: (1) is an alien; (2) who voted in an election held solely or in part for the purposes of electing a candidate to federal office.  *See Kimani v. Holder*, 695 F.3d 666, 669 (7th Cir. 2012) (holding that Section 611 was a general intent crime and affirming the BIA decision in which "the BIA concluded that by conceding that (a) he is an alien, who (b) voted in a Presidential election, Kimani conceded violating § 611(a) and established his ineligibility for the immigration benefit he needs."); *United States v. Knight*, 490 F.3d 1268, 1271 (11th Cir. 2007) (holding that Section 611 is a general intent crime).  Here, the defendant is an alien – Mexican citizen and national Gustavo Araujo Lerma – who voted in five elections in which candidates for federal office were on the ballot.  The government will offer into evidence the voter rolls that Araujo Lerma signed as "Hiram Velez" for each of the five charged elections.  It will also introduce his voter registration application and evidence that he voted in numerous other elections over the years, through the testimony of a Sacramento County governmental official.

### IV.    EVIDENCE

#### A.    Witnesses

A witness from the Sacramento County Voter Registration and Elections Department will testify regarding in-person voting procedures.  She will explain that individuals voting in person are required to sign the voter roll and certify they are U.S. citizens, as Gustavo Araujo Lerma did using the name of Hiram Velez.  The government will present documents during her testimony including the voter registration form submitted by Araujo Lerma and the pages of the voting roll that Araujo Lerma fraudulently signed in connection with voting in the charged elections.

As referenced earlier, at least one family member of Hiram Velez will testify to establish that Hiram Velez was a real person.

At least one Department of State, Diplomatic Security Service, special agent will testify regarding passport application procedures, explain various public records obtained in the course of the

investigation, and introduce evidence seized and photographs taken during the search warrant on the defendant's residence.

It is possible that the government may have to call certain witnesses out of order based on travel arrangements (including internationally) and foreign language interpreter availability.  The government will strive for an orderly presentation of the evidence to assist the Court and the jury in understanding the evidence being presented.

Pursuant to Federal Rule of Evidence 615, the government has moved for the exclusion of all witnesses – except the government's case agent, Department of State, Diplomatic Security Services Special Agent Wei "Cyrus" Hung, who should be exempt from the exclusion order – until his testimony has been completed.  *See also United States v. Little*, 753 F.2d 1420, 1441 (9th Cir. 1984).  In addition, a USAO paralegal will be present during the trial to aid in the organization and presentation of exhibits.

### B.    Documents.

The case will be proved mainly through certified public records which reflect the defendant is truly Gustavo Araujo Lerma, not Hiram Velez, and reflect the various fraudulent uses of the Velez identity by the defendant over the course of several decades.   The government will also present evidence seized in the search warrant on the defendant's residence demonstrating the defendant's true identity, reflecting the defendants' knowledge that Hiram Velez was a real person, and corroborating that the defendant is the person who voted in person in the charged elections.  The government may also present various statements of the defendant, including a letter he wrote the true Hiram Velez's mother.

### V.    DEFENSES AND ANTICIPATED ISSUES

### A.    Defendant's common law defenses.

The defendant has submitted jury instructions whereby the jury would be advised that if the defendant acquired the name "Hiram Velez" through use at common law, that would constitute defenses to the passport fraud and aggravated identity theft counts.  The defense should not be permitted at all with respect to aggravated identity theft, and with respect to passport fraud, it should permitted in a precise way that conforms to the law.

Acquisition of a name at common law is not a defense to aggravated identity theft, as explained in the government's Motion in Limine No. 7.  *See* Dkt No. 106.  The defendant's proposed jury

instruction should not be given and the defendant should be precluded from arguing that the common law name change constitutes a defense to aggravated identity theft.

Acquisition of a name at common law can be a defense to making a false statement on a passport application where the false statement charged is a name – because, if the defendant acquired the name Hiram Velez at common law, then the element of falsity would not be met with respect to that statement. The government has proposed a jury instruction as to this defense as to the charge that the defendant made a false statement on an application for a United States passport by stating that his name was "Hiram Velez."[1]  *See* Dkt No. 108 at 47, Instruction 38.  Acquisition of a name at common law is <u>not</u> a defense to the other three false statements the defendant is charged with making on his passport application (birthday, social security number, and place of birth).  The government's proposed jury instruction specifies that the defense is only relevant to the statement of the name, not the statements of birthday, place of birth, or social security number.  *See* Dkt No. 108 at 47, Instruction 38.   The government has also proposed a special verdict form which would require the jury to specify each of the false statements they unanimously find the defendant made on his 2009 passport application with intent to secure a passport.  Though, as discussed below, there is no legal need for juror unanimity as to the false statements, in this case, it is prudent to have a special verdict form requiring juror unanimity, so that that any reviewing court will know that the jury convicted both on the false name and on the additional three false statements.

**B.      Defendant's statute of limitations argument with respect to Count Two is without merit.**

The defendant submitted proposed jury instructions which would only permit the jury to convict him of Count Two based on the false statement of name, not the three other statements alleged to be false in the Superseding Indictment.  *See* Dkt No. 98 at 2, Defense instruction No. 1.  The defendant asserts in his trial brief that he intends to "argue that the ten-year statute of limitations had passed before the Superseding Indictment was filed, and that the Government can only convict by proving beyond a reasonable doubt that [defendant] knew that his name was not "'Hiram E. Velez.'"  *See* Dkt No. 97 at 4.

---

[1] *See United States v. Mount,* 757 F.2d 1315, 1318 (D.C. Cir. 1985) ("Where use of a false name is charged, the prosecution must show, first, that the name was not, in fact, the defendant's name, and second, that the defendant assumed the name for a fraudulent purpose.").

The statute of limitations argument is without merit. The jury should be instructed as to Count Two as requested by the government (*see* Dkt No. 108 at 45, Instruction 37). For the reasons explained in the government's Motion In Limine No. 8 (*see* Dkt No. 109 at 4-7), the Court should find that the statute of limitations as to making a false statement in the defendant's March 2009 passport application was tolled when the grand jury returned the original Indictment. The government is free to prove the crime of false statement on a passport application using any of the four statements specified in the Superseding Indictment, which relates back to the original indictment because it merely refines the language of the same crime charged in the original indictment.

The unit of prosecution for the charge of making a false statement on a passport application is the passport application, not each statement on the application. *See United States v. Praml*, 909 F.2d 1489 (9th Cir. 1990) (unpub.) (finding district court's failure to consolidate Count I and II, which charged the defendant with making separate false statements on the same passport application, was plain error because the indictment was multiplicitious as "it is impermissible to impose multiple punishments under the same statute for several false statements within a single document."); *United States v. McCormick*, 72 F.3d 1404, 1409 (9th Cir. 1995) (rejecting the defendant's argument that the district court should have given a specific unanimity instruction as to his conviction of a single count of making false statements in a passport application in a count charging multiple false statements, and reasoning "there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict"). The statute of limitations for the crime of making a false statement on his March 2009 passport application was tolled when the grand jury indicted the defendant for that crime in October 2017. The statute of limitations does not bar prosecution of that crime under the amended phrasing of the Superseding Indictment any more than the original Indictment.

**C.    The government respectfully requests that the elements of the offenses charged and any defenses should be ruled upon pretrial.**

The government filed a motion in limine requesting that the Court rule upon the substantive jury instructions as to the element of each charged offense and the asserted defense(s) pretrial, and preclude any defenses for which the defendant has not provided required notice, jury instructions, or offers of proof making out a prima facie showing of the elements of the defenses as required by the Court's

pretrial order setting deadlines, the Federal Rules of Criminal Procedure, and the Ninth Circuit. *See* Dkt No. 109. As explained more thoroughly in the government's motion, having such critical legal issues confirmed in advance will facilitate a fair and efficient trial.

## VI.    CONCLUSION

The foregoing is a summary of issues the government anticipates may arise at trial, based on the government's anticipated case-in-chief. Should any legal issues or factual issues arise that have not been covered in this trial brief, the government respectfully requests leave to submit such further memoranda as may be necessary.

Dated: August 12, 2019

McGREGOR W. SCOTT
United States Attorney

By:  /s/ KATHERINE T. LYDON
KATHERINE T. LYDON
SHEA J. KENNY
Assistant United States Attorneys

GOVERNMENT'S TRIAL BRIEF

9