HEATHER E. WILLIAMS, #122664
Federal Defender
DOUGLAS BEEVERS, #288639
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Telephone: 916.498.5700
douglas_beevers@fd.org

Attorney for Defendant
GUSTAVO ARAUJO-LERMA a.k.a. HIRAM VELEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case №:2:13-cr-0050-KJM |
| Plaintiff, | DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION |
| vs. | IN LIMINE NO. 1 (ECF #106) |
| GUSTAVO LERMA a.k.a. HIRAM VELEZ, | Date:  August 19, 2019<br>Time:  9:15 a.m.<br>Judge: John A. Mendez |
| Defendant. | |

The Defendant, by and through counsel, the Federal Public Defender's Office, hereby opposes Government's motion *in limine* in part on the ground that references to deportation are not potential penalties but are part of the explanation for why Defendant used the name Hiram Velez to avoid deportation not to defraud any person.  The Government points out in *Motion in Limine* No. 7 (ECF #106) that the "common law name change" defense requires Defendant to show "such action does not interfere with the rights of others." *See Chaney v. Civil Serv. Comm.* 412 N.E.2d 497, 499-500 (S.Ct. Ill. 1980).  The common law is not clear on whether change of name to work without immigration authorization is an interference with the rights of others.  The common law clearly allowed change of name for the purpose of disguising a person's ethnicity or religion although such name changes were frequently intended to confuse and to prevent

*Opposition to Motion in Limine 1*

people from engaging in private ethnic discrimination, although such private discrimination was still legal when the common law right to change one's name developed.

Defense agrees that the potential penalties for the charged crimes are not relevant under *Shannon v. United States*, 512 U.S. 573 (1994).  Defense counsel has no intent to elicit such information and has no objection to the Court ordering the Defendant to not mention the penalties.  However, if the Government calls any cooperating witnesses, such as the dismissed co-defendant, the Defense should be permitted to cross-examine such witnesses regarding the complete details of their cooperation deal including the immigration consequences of such a plea deal if known by the cooperating witness.

SUBMITTED: August 12, 2019    HEATHER E. WILLIAMS

Federal Defender

*/s/ Douglas Beevers*
DOUGLAS BEEVERS
Assistant Federal Defender
Attorney for Defendant
GUSTAVO LERMA a.k.a. HIRAM VELEZ

*Opposition to Motion in Limine 1*